# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM G. CARTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:04-CV-1117 CAS |
| ) | |
| R. TIMOTHY BICKHAUS, P.A., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on its own motion. By Order dated September 1, 2005, on remand from the Eighth Circuit Court of Appeals, this Court appointed counsel for plaintiff and granted leave for the filing of an amended habeas corpus petition, to give plaintiff "the opportunity to demonstrate, through an amended habeas corpus petition, that he has met the exhaustion requirement." See Carter v. Bickhaus, No. 04-3824, 2005 WL 1767942 (8th Cir. July 27, 2005) (unpublished per curiam).

The Court takes judicial notice of another case filed in this Court by plaintiff, captioned William G. Carter, Petitioner, v. Felix T. Vincenz, Respondent, No. 4:04-CV-624 FRB (E.D. Mo.). Carter v. Vincenz is a habeas corpus proceeding in which plaintiff was previously appointed counsel, Ms. Susan Kister, and has filed an amended habeas corpus petition which addresses, inter alia, the issue of exhaustion. See [Doc. 94] in No. 4:04-CV-624 FRB. It appears to the Court that the concerns expressed by the Court of Appeals in construing the instant action under 42 U.S.C. § 1983 as a petition for writ of habeas corpus are being addressed in the Carter v. Vincenz case, which was filed in May 2004, three months prior to the instant action. It further appears to the Court that

because the only issues remaining in this action concern potential habeas claims and exhaustion, this case is duplicative of Carter v. Vincenz and therefore should be dismissed without prejudice. See State of Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259 F.3d 949, 953-54 (8th Cir. 2001) (where two identical actions are pending in the same court, the district court may dismiss one of the actions).

Accordingly,

**IT IS HEREBY ORDERED** that the Order dated September 1, 2005 is **VACATED**. [Doc. 29]

**IT IS FURTHER ORDERED** that the appointment of Jerry K. Ronecker, of Husch & Eppenberger LLC as counsel for the plaintiff is **VACATED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice** as duplicative.

An appropriate order of dismissal will accompany this order.

/s/ Charles A. Shaw
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  2nd  day of September, 2005.